UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| TINA EHRENBERG | * | CIVIL ACTION NO. 16-17269 |
| | * | |
| | * | SECTION: "L"(1) |
| VERSUS | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| STATE FARM MUTUAL AUTOMOBILE | * | MAGISTRATE JUDGE |
| INSURANCE COMPANY | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is the Motion to Compel filed by defendant State Farm Mutual Automobile Insurance Company ("State Farm") (Rec. Doc. 8). For the following reasons, the Motion is GRANTED in part and DENIED in part.

Background

Plaintiff Tina Ehrenberg alleges that she suffered back, neck, and right shoulder injuries as a result of an October 31, 2014, accident in which she was struck by a motor vehicle when crossing Canal Street in New Orleans. She settled her claim with the driver's insurer for the driver's policy limits of $25,000. She alleges that this was insufficient to cover all of her bodily injury losses. She claims that State Farm provided her a policy of uninsured/underinsured insurance, and she has filed this lawsuit against State Farm seeking to recover damages to compensate her for all of her injuries and losses. Her alleged injuries include: medical expenses, physical pain and suffering, mental anguish, and emotional distress.

According to State Farm, Ms. Ehrenberg claims she has sustained cervical disc herniation, and her treating neurosurgeon recommended a C5-6 cervical discectomy and fusion surgery in December 2014 (which has not been performed). State Farm has investigated Ms. Ehrenberg's public Facebook pages and argues that her Facebook records show extensive post-accident

1

vacation and travel activities that suggest she is not in need of any surgery. State Farm points to at least 10 vacations to national and international destinations including a four day ski-trip to Gatlinburg, Tennessee; a four-day beach trip to Cancun, Mexico and Playa DelCarmen, Mexico; a four-day beach trip to Cabo San Lucas, Mexico; and a four-day trip to Disney World. State Farm has attached copies of some of Ms. Ehrenberg's public Facebook records, which include various photos. State Farm also says that Ms. Ehrenberg conceded in deposition that many of the vacations involved extensive air travel. State Farm asserts that the timing of Ms. Ehrenberg's vacations contradicts her complaints of "constant pain" to her doctors.

State Farm served Ms. Ehrenberg with the following Request for Production No. 18:

> Please provide a complete copy of your post-accident Facebook data link from your Facebook account, including but not limited to messages, photos, wall posts, friends posts, your posts, metadata associated with photos, etc. See instruction on how to download a copy of your Facebook data link, attached as Exhibit "A".

Request for Production 19 was identical but seeks a Twitter data link. Request for Production 20 is identical but seeks an Instagram data link. Ms. Ehrenberg objected to all three requests by providing "Objection, invasion of privacy and not relevant."

State Farm filed the present Motion to Compel seeking an order compelling Ms. Ehrenberg to produce the requested social media records.

<u>Law and Analysis</u>

1. *Legal Standard*

Although State Farm focuses its briefing on whether its requests are "reasonably calculated to lead to the discovery of admissible evidence," the Court must point out that this phrase does not guide the scope of discovery. The amendments to the Federal Rules of Civil Procedure that went into effect in December 2015 deleted this language from Rule 26. That Rule now provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's

2

claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). Further, the Rules now explicitly provide that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id. In deleting the "reasonably calculated to lead to admissible evidence" language from Rule 26, the advisory committee explained that the phrase had been used "incorrectly, to define the scope of discovery." Id. advisory committee note to 2015 amendment.

Thus, the first step in the inquiry is determining the relevance of the information requested. While construing relevance broadly, this Court is anchored by the parties' pleadings. See Fed. R. Civ. Proc. 26 advisory committee's notes to 2000 amendment (explaining that in analyzing relevance, the parties should "focus on the actual claims and defenses involved in the action," but that "a variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action"); see also XTO Energy, Inc. v. ATD, LLC, No. CIV 14-1021 JB/SCY, 2016 WL 1730171, at *17 (D.N.M. Apr. 1, 2016) (quoting State Farm Mut. Auto. Ins. Co. v. Fayda, No. 14CIV9792WHPJCF, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015), aff'd, No. 14CV9792, 2016 WL 4530890 (S.D.N.Y. Mar. 24, 2016)) (concluding that following the 2015 amendments to the Rules, "[r]elevance is still to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense.'"). Thus, "[t]o implement the rule that discovery must be relevant to the claim or defense of any party, district courts have examined the relationship of the requested discovery and the facts it is intended to uncover to the specific claims and defenses raised by the parties." Thibault v. BellSouth Telecommunications, Inc., No. CIV.A. 07-200, 2008 WL 4808893, at *2 (E.D. La. Oct. 30, 2008).

In addition to being relevant, discovery must be proportional to the needs of the case. In determining proportionality, the parties (and the Court if called to weigh in) should consider:

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. Proc. 26(b)(1).

Requests for social networking website information are no exception. There can be no dispute that such information is discoverable. Moore v. Wayne Smith Trucking Inc., No. CIV.A. 14-1919, 2015 WL 6438913, at *2 (E.D. La. Oct. 22, 2015). Furthermore, even where discoverable, a defendant is not automatically granted "unfettered access to a plaintiff's social networking sites that he or she has limited from public view" simply because the plaintiff has put his or her mental and physical conditions at issue. Johnson v. PPI Tech. Servs., L.P., No. CIV.A. 11-2773, 2013 WL 4508128, at *2 (E.D. La. Aug. 22, 2013) ("Simply placing their mental and physical conditions at issue is not sufficient to allow [defendant] to rummage through [plaintiffs'] social media sites."); Farley v. Callais & Sons LLC, No. CIV.A. 14-2550, 2015 WL 4730729, at *3 (E.D. La. Aug. 10, 2015) (quoting Smith v. Hillshire Brands, No. 13-2605-CM, 2014 WL 2804188, at *5 (D. Kan. June 20, 2014) ("Defendant is no more entitled to such unfettered access to plaintiff's personal email and social networking communications than it is to rummage through the desk drawers and closets in plaintiff's home.").

2. *Parties' Arguments*

Citing a law review article and cases from other districts, State Farm urges that Ms. Ehrenberg's privacy interest cannot shield her social media activity from disclosure because she consented to sharing information with others when she set up the social media accounts. State

Farm also points to many cases where a plaintiff's social media record is found relevant where the records contradict the plaintiff's personal injury claims. State Farm adds that to the extent Ms. Ehrenberg has deleted her social media records, she should be sanctioned for spoliation.

Ms. Ehrenberg responds that State Farm's requests should have been more tailored to reduce her burden. For example, she says the requests could be tailored to a specific time period, specific event, or specific post. She says she is concerned that unfettered access to her social media network could possibly lead to information that is completely unrelated to the accident or her claims of injury and pain.

3. *Analysis*

The Court has no trouble finding that Ms. Ehrenberg's social media records are relevant to this personal injury action. This is especially true in light of the publicly available images and records indicating activities that might be inconsistent with her allegations of injury and "constant pain." Despite Ms. Ehrenberg's suggestion to the contrary, the requests are limited in time by seeking only post-accident records. Nonetheless, the Court finds that the requests are too broad. Ms. Ehrenberg does have an interest, albeit not an absolute one, in maintaining privately those records and communications that she has not chosen to share publicly, even if she has shared them with some others. The Court also considers that State Farm's Requests for Production 18, 19, and 20 seek Ms. Ehrenberg's friends' posts. This implicates the privacy of individuals who are not involved in the case and who might be posting content that is completely unrelated to Ms. Ehrenberg's physical condition. State Farm has no right to such postings as they are not relevant to the lawsuit.

Thus, after weighing relevance and proportionality, including privacy considerations, as to Ms. Ehrenberg's Facebook, Twitter, and Instagram accounts, the Court finds discoverable the following categories of information from the date of the alleged accident through the present:

1. Posts[1] or photos that refer or relate to the accident.
2. Posts or photos that refer or relate to physical injuries that Ms. Ehrenberg alleges she sustained as a result of the accident and any treatment she received therefore.
3. Posts or photos that refer or relate to other, unrelated physical injuries suffered or sustained by Ms. Ehrenberg.
4. Posts or photos reflecting physical activity by Ms. Ehrenberg and/or which reflect a physical capability of Ms. Ehrenberg.
5. Posts or photos that refer or relate to emotional distress or mental anguish that Ms. Ehrenberg alleges she sustained as a result of the accident and any treatment she received therefore.
6. Posts or photos that refer or relate to any alternative potential emotional stressors experienced by Ms. Ehrenberg.
7. Posts or photos that refer or relate to any vacations taken by Ms. Ehrenberg, including but not limited to the specific vacations referred to by State Farm in its Motion to Compel.

Regarding spoliation, at this time, State Farm's suggestion that Ms. Ehrenberg may have deleted her social media posts appears to be conjecture. To the extent that State Farm discovers

---

[1] For avoidance of doubt, the reference to "posts" refers to posts made by Ms. Ehrenberg or others on her "wall" and includes photos or other images.

6

evidence that Ms. Ehrenberg has deleted any relevant information, it may return to the Court to request relief. Similarly, global production of metadata associated with all photos and posts is not proportional and is not being ordered at this time. However, should the date of an event or other specific issue arise implicating metadata, the request can be revisited in a targeted fashion.[2]

Conclusion

For the foregoing reasons, the Motion to Compel is GRANTED in part and DENIED in part. Within 14 days, Ms. Ehrenberg shall produce to State Farm copies of her Facebook, Instagram, and Twitter records as provided above.

New Orleans, Louisiana, this 18th day of August, 2017.

                                          Janis van Meerveld
                                    United States Magistrate Judge

---

[2] The Court further does not consider whether downloading a copy of Ms. Ehrenberg's Facebook/Twitter/Instagram "data link," as State Farm instructs in Requests for Production 18, 19, and 20, is an appropriate or optimal way of producing the ordered material. The instructions apparently found at Exhibits A, B, and C to the Requests for Production of Documents were not provided to the Court. Ms. Ehrenberg objected globally to any response, and so did not discuss whether downloading a copy of Ms. Ehrenberg's "data link" is a practical tool for so doing. In granting State Farm's motion as to certain items, the Court is not specifically ordering that State Farm's proposed instructions be utilized. The parties are expected to work out a satisfactory arrangement for the logistics of the production. If unable to do so, this issue can be raised with the Court.