UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TINA EHRENBERG | * | CIVIL ACTION |
| VERSUS | * | NO. 16-17269 |
| STATE FARM MUTUAL AUTO. INS. CO. | * | SECTION "L" (1) |

**ORDER & REASONS**

Before the Court are Defendant's motions in limine, R. Docs. 29, 30, and Plaintiffs' motion for partial summary judgment, R. Doc. 34, and motion to exclude, R. Doc. 36. After hearing oral argument and considering the parties' briefs and the applicable law, the Court issues this Order & Reasons.

I. **BACKGROUND**

This case arises from injuries Plaintiff Tina Ehrenberg allegedly sustained when she was struck by a car while crossing Canal Street in New Orleans, Louisiana. R. Doc. 1 at 1. Plaintiffs initially filed suit in the City District Court for Orleans Parish, and Defendants timely removed. This Court has diversity jurisdiction pursuant to 28 U.S.C. 1332. R. Doc. 1 at 2.

Plaintiff Ehrenberg claims that, on or about October 31, 2014, she was a pedestrian crossing Canal Street when Mr. George Blair crashed into Plaintiff with his car. R. Doc. 1-4 at 1-2. Blair carried a liability policy with Progressive Insurance. R. Doc. 1-4 at 2. As a result of the accident, Plaintiff claims she suffered injuries to her back, neck, and right shoulder. R. Doc. 1-4 at 2. On December 10, 2014, Progressive settled with Plaintiff for the policy limit of $25,000.00, which Plaintiff avers is an insufficient amount to cover all of her losses. R. Doc. 1-4 at 3. As such, Plaintiff seeks to recover from her liability insurer, State Farm; State Farm has already made an unconditional tender based on Plaintiff's injuries. R. Doc. 1-4 at 2. Plaintiff seeks to recover

1

damages, including past, present, and future medical care, lost wages, loss of earning capacity, pain and suffering, residual disabilities, mental anguish, in addition to penalties and attorney fees. R. Doc. 1-4 at 3.

Defendant raised various defenses in the status letter they submitted to the Court. Defendant explains Plaintiff has not provided State Farm with satisfactory proof of loss, or demonstrated that Mr. Blair was at fault in the accident. State Farm also explains it disputes the nature and extent of Plaintiff's injuries, and explains that she suffered from several degenerative conditions at the time of the accident. Finally, State Farm avers that Plaintiff has not provided requested medical records in this case.

Defendant answered the petition for damages and trial by jury. R. Doc. 4-1. Defendant denies Plaintiff's allegations of liability. R. Doc. 4-1 at 1. Defendant also argues that Plaintiff has no claim against Defendant to the extent she failed to mitigate damages. R. Doc. 4-1 at 2

## II. PENDING MOTIONS

### a. Defendant's Motion to Preclude Testimony and Report of John Smith (R. Doc. 29)

Defendant asks the Court to exclude the testimony and report of John Smith, Plaintiff's accident reconstruction and biomechanics expert. R. Doc. 29. Defendant argues that Mr. Smith's opinions and report do not meet the *Daubert* standard and will not assist the jury. R. Doc. 29-1 at 3. Plaintiff responds in opposition. R. Doc. 48.

### b. Defendant's Motion to preclude Certain Witness Testimony and Evidence (R. Doc. 30)

Defendant moves to exclude expert witness testimony and evidence related to Plaintiff's claims for lost wage and/or lost earning capacity. R. Doc. 30. Plaintiffs do not oppose this motion and has notified the Court that they will not bring claims for lost wages or loss of earning capacity.

2

Therefore, this motion is granted.

### c. Plaintiff's Motion for Partial Summary Judgment (R. Doc. 34)

Plaintiff moves for partial summary judgment on the issue of liability. R. Doc. 34. Plaintiff alleges that Defendant has not produced any evidence to show that George Blair, the driver, was not at fault in the accident. R. Doc. 34-1 at 2. Plaintiff argues that Mr. Blair told police he did not see Plaintiff in the crosswalk before the accident and that Mr. Blair has refused to participate in discovery or attend a deposition. R. Doc. 34-1 at 2. For these reasons, Plaintiff asks that the Court find that Mr. Blair is at fault for the accident and responsible for Plaintiff's injuries. R. Doc. 34-1 at 3.

Defendant responds in opposition arguing that there are several genuine issues of material fact regarding liability. R. Doc. 40. Defendant argues that because Plaintiff's account of the accident directly contradicts the driver's account there are issue of material fact as to comparative liability and the cause of Plaintiff's injuries. R. Doc. 40 at 3. First, Defendant alleges that there is disagreement about whether the driver 1) came to stop before turning onto Canal Street or 2) checked for pedestrians in the crosswalk. R. Doc. 40 at 4-5. Defendant also alleges that it is disputed whether Plaintiff was in the crosswalk when the driver began to make his turn. R. Doc. 40 at 5. Second, Defendant argues that the mechanics of the impact are inconsistent with Plaintiff's injuries. R. Doc. 40 at 6. For these reasons, Defendants argue that summary judgment is not appropriate. R. Doc. 40.

### d. Plaintiff's Motion to Exclude Witness Testimony (R. Doc. 36)

Plaintiff moves to exclude the testimony of George Blair, the driver in the accident. R. Doc. 36. Plaintiff alleges that Mr. Blair has refused to participate in discovery, cooperate with counsel, or appear for deposition. R. Doc. 36-1 at 2. Plaintiff has repeatedly attempted to serve Mr. Blair

with a subpoena and investigators have not been able to locate him. R. Doc. 36-1 at 2. For these reasons, Plaintiff asks the Court to bar Mr. Blair from testifying in this case. R. Doc. 36-1 at 2.

Defendant responds in opposition. R. Doc. 41. Defendant argues that this sanction is inappropriate for several reasons. R. Doc. 41. First, Mr. Blair is not a party to this lawsuit and is not represented by State Farm or Defendant's counsel. R. Doc. 41 at 2. Second, Mr. Blair was not served with a deposition subpoena, nor was he the subject of a motion to compel or court order. R. Doc. 41 at 2-3. Defendant argues that these sanction (under Rule 37) are only appropriate for a party who disobeys a court order. R. Doc. 41 at 3. Defendant argues that it would be a violation of due process to exclude Mr. Blair's testimony. R. Doc. 41 at 4.

### III. LAW & ANALYSIS

#### a. *Daubert* Standard

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides that

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

This rule codifies the Supreme Court's decisions in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

The threshold question in determining whether an individual may offer expert testimony under Rule 702 is whether the individual has the qualifications to do so. Fed. R. Evid. 702. "Trial courts have 'wide discretion' in deciding whether or not a particular witness qualifies as an expert." *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1050 (5th Cir. 1998) (quoting *Ellis v. K–Lan Co.*, 695 F.2d 157, 162 (5th Cir. 1983)). Under Rule 702, "the expert is viewed, not in a narrow

sense, but as a person qualified by 'knowledge, skill, experience, training or education.'" Fed. R. Evid. 702 advisory committee's note.

Apart from determining the qualifications of the expert, the Court must act as a "gatekeeper" to ensure that the proffered expert testimony is "both reliable and relevant." *Wells v. SmithKline Beecham Corp.*, 601 F.3d 375, 378 (5th Cir. 2010). "This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* (quoting *Daubert*, 509 U.S. at 592–93). With respect to reliability, the Court's focus "must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595.

When the admissibility of expert testimony is challenged under *Daubert*, the proponent of the evidence bears the burden of proving that the testimony is reliable and relevant. *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc). To meet this burden, a party cannot simply rely on its expert's assurances that he has utilized generally accepted scientific methodology. *Id.* Rather, some objective, independent validation of the expert's methodology is required. *Id.* In this regard, however, it is not necessary for the proponent of the evidence to prove that "the testimony is factually correct." *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 388 (5th Cir. 2009).

Ultimately, a court's role as a gatekeeper does not replace the adversary system. *Daubert*, 509 U.S. at 596. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* Proper deference is to be accorded to the jury's role "as the arbiter of disputes between conflicting opinions." *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077

(5th Cir. 1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)). "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *Id.* (quoting *Viterbo*, 826 F.2d at 422).

Here, it is undisputed that Mr. Smith has the qualifications needed to testify as an expert witness in the fields of accident reconstruction and biomechanics. As for the reliability of his report and opinions, the Defendant cannot refute Mr. Smith's methodology because he examined accurate photographs of the scene and considered all available deposition testimony. Defendant's concerns that Mr. Smith does not have adequate information regarding walking or vehicle speed or that he did not visit the accident scene may be adequately addressed on cross-examination. These are issues of credibility for the jury to determine and do not implicate methodology on these facts. The Court also finds that some of Mr. Smith's testimony may be useful to the jury because while the jury understands that a car accident may cause injury, the jury are not experts in the types and extent of injuries that may be caused when hit by a vehicle in a specific instance. Therefore, Mr. Smith will be permitted to testify concerning his expert opinion.

However, Mr. Smith may not be permitted to testify on some aspects of his report. Defendant may, in advance of trial testimony, wish to move to limit the scope of Mr. Smith's expert testimony. For example, information regarding the history of the vehicle may not be admissible under Federal Rules of Evidence 401, 403, or 404(b).

    b. **Summary Judgment Standard**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *see also Anderson*, 477 U.S. at 249-50. In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the facts and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

Here, there is a substantial dispute as to material facts regarding how the accident occurred. Plaintiff and the driver tell conflicting stories about how Plaintiff was hit, particularly disagreeing about whether Plaintiff was already in the crosswalk when the driver began to turn left onto Canal Street. This dispute are clearly documented in the deposition testimony of Plaintiff and the

7

responding police officer. This issue alone is relevant to comparative liability and so the issue of liability is not appropriate for summary judgment at this time.

### c. Rule 37 Sanctions

Under Rule 37, a court may issue an order imposing an array of sanctions if a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Here, Rule 37 does not apply. Mr. Blair is not a party to this action; nor is he controlled by or associated with either party. Furthermore, Mr. Blair has not been subpoenaed nor has he violated a Court Order. For these reasons, it is not appropriate to exclude his testimony. However, during oral argument on this matter the Court directed Defendant to make every effort to subpoena Mr. Blair for deposition and alert Plaintiffs' counsel when he will be available so that they may also take his deposition.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's motion in limine to preclude testimony and report of John Smith, R. Doc. 29, is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion in limine to preclude certain witness testimony and evidence, R. Doc. 30, is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for partial summary judgment is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to exclude witness testimony is hereby **DENIED**.

New Orleans, Louisiana this 11th day of April, 2018.

_____
UNITED STATES DISTRICT JUDGE