UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| TINA EHRENBERG | * | CIVIL ACTION NO. 16-17269 |
| | * | |
| | * | SECTION: "L"(1) |
| VERSUS | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| STATE FARM MUTUAL AUTOMOBILE | * | MAGISTRATE JUDGE |
| INSURANCE COMPANY | * | JANIS VAN MEERVELD |
| *********************************** | * | |

## ORDER AND REASONS

Before the Court is the Motion to Compel filed by plaintiff Tina Ehrenberg. (Rec. Doc. 44). For the following reasons, the Motion is DENIED. Plaintiff's request for oral argument (Rec. Doc. 45) is DENIED.

## Background

Ms. Ehrenberg alleges that she suffered back, neck, and right shoulder injuries as a result of an October 31, 2014, accident in which she was struck by a motor vehicle when crossing Canal Street in New Orleans. She settled her claim with the driver's insurer for the driver's policy limits of $25,000. She alleges that this was insufficient to cover all of her bodily injury losses. She claims that State Farm Mutual Automobile Insurance Company ("State Farm") provided her a policy of uninsured/underinsured insurance, and she has filed this lawsuit against State Farm seeking to recover damages to compensate her for all of her injuries and losses. Her alleged injuries include: medical expenses, physical pain and suffering, mental anguish, and emotional distress.

## Discovery Issue

State Farm noticed the deposition of Leah T. Rome, which was held on March 26, 2018. It is not apparent from the documents before the Court whether she was subpoenaed or whether she appeared voluntary. Ms. Rome was employed by the law firm of Plaintiff's husband Harold

Ehrenberg, where Ms. Ehrenberg also worked as an office administrator. Ms. Rome testified regarding her observations of Ms. Ehrenberg's physical capabilities. For example, she testified that she observed Ms. Ehrenberg lifting file boxes prior to her surgery in September 2017. Ms. Rome ceased employment with the Ehrenberg law firm in February 2018. It appears there is some dispute over whether she was fired or she quit. Her testimony indicates some personal issues arose between Ms. Ehrenberg and Ms. Rome arising after Ms. Ehrenberg hired a secretary that Ms. Rome was asked to train and to whom some of Ms. Rome's work was assigned. According to State Farm's counsel, Ms. Rome felt intimidated or threatened by the questioning of Ms. Ehrenberg's counsel, who asked about her children, her prior employment, and her treatment for depression. Ms. Rome refused to answer these questions.

Following the deposition, Ms. Ehrenberg's counsel emailed State Farm's the following questions about Ms. Rome, and insisted that State Farm assist in obtaining answers because State Farm intends to call Ms. Rome as a witness:

1. Her background including former employment;
2. Her legal field experience for the last fifteen years (which would include who she worked for, what she did for them, and how she left their employment).
3. Her medical treatment and the reason she is prescribed Celexa.

(Rec. Doc. 44-2). Counsel for State Farm refused to answer, noting that he does not represent Ms. Rome and suggesting that Ms. Ehrenberg's counsel reach out to Ms. Rome directly. State Farm also asserted that the requests were irrelevant because it only intended to call Ms. Rome as a witness regarding "her knowledge and observations of Mrs. Ehrenberg's physical conditions/abilities, pre and post-surgery." Id. This motion to compel followed.

Law and Analysis

1. *Scope of Discovery*

The Federal Rules of Civil Procedure provide that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). Of note, with the 2015 amendment to Rule 26, it is now clear that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id. In assessing proportionality of discovery, the following should be considered: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

2. *Failure to Respond to Questions at Deposition*

If "a deponent fails to answer a question asked under Rule 30 or 31," the party seeking discovery may move for an order compelling an answer. Fed. R. Civ. Proc. 37(a)(3)(B)(i); see Murillo Modular Grp., Ltd. v. Sullivan, No. 3:13-CV-3020-M, 2016 WL 6139096, at *6 (N.D. Tex. Oct. 20, 2016) ("Once a deponent has appeared for a deposition, Federal Rule of Civil Procedure 37(a)(3)(B)(i) governs a motion to compel a deponent to answer a question."). This rule applies to non-party deponents. Disability Law Claims, P.A. v. IM Sols., LLC, 312 F.R.D. 436, 437 (N.D. Tex. 2015) ("Once the person has appeared for the deposition as commanded, Federal Rule of Civil Procedure 37(a)(3)(B)(i) governs a motion to compel a deponent to answer a question . . . ."). The Court notes that here, it is unclear whether Ms. Rome's deposition was taken pursuant to a subpoena, or whether she appeared voluntarily.

*3. Rome Deposition and Follow Up Questions*

Although Ms. Ehrenberg appears to seek an order compelling Ms. Rome to answer the questions, there is no indication that Ms. Rome has been served with a copy of the present motion. Before any relief can be granted under Rule 37, notice must be provided to the parties and "all affected persons." Fed. R. Civ. Pr. C 37(a)(1). To the extent Ms. Ehrenberg seeks to compel State Farm to obtain answers to the questions from Ms. Rome, State Farm is not in a position to do so. Ms. Rome is not employed by or otherwise under State Farm's control. At this time, it is not possible to grant Ms. Ehrenberg the relief she seeks.

Moreover, even if this Court had authority to compel Ms. Rome to respond to the deposition questions she refused to answer, the Court would decline to do so. The relevance of the sought after information is tangential, at best. Ms. Rome will testify about her observations of Ms. Ehrenberg's physical condition. While Ms. Rome's departure from her employment with the Ehrenberg firm may be relevant for impeachment purposes, Ms. Rome's employment history over the last fifteen years and her "medical treatment and the reason she is prescribed [the anti-depressant] Celexa" do not bear on her testimony regarding Ms. Ehrenberg's physical condition or her credibility in providing such testimony. To impose the burden of a second deposition on Ms. Rome, a non-party, or to otherwise require her to answer these personal questions outweighs any potential relevance of the sought after information.

## Conclusion

For the foregoing reasons, the Motion to Compel is DENIED.

New Orleans, Louisiana, this 16th day of April, 2018.

                                              Janis van Meerveld
                                   United States Magistrate Judge